# GOODLIFFE et al. v. COLONIAL CORPORATION et al.

No. 6669.   Decided January 11, 1945.   (155 P. 2d 177.)

See 18 C. J. S. Corporations, Sec. 570. 13 Am. Jur., 511.

*E. A. Walton* and *Parnell Black,* both of Salt Lake City, for appellants.

*Farnsworth & Van Cott* and *Stephens, Brayton* and *Lowe,* all of Salt Lake City, and *Stuart P. Dobbs,* of Ogden, for respondents.

## PER CURIAM.

Plaintiffs appeal from a judgment of dismissal following the entry of an order sustaining a demurrer on various grounds of misjoinder, multifariousness and uncertainty, and from an order striking certain allegations of the complaint. The trial court overruled those grounds of demurrer which assert that the complaint fails to state facts sufficient to constitute a cause of action. There is no cross-appeal nor any cross assignments of error.

Two stockholders of record are joined by 23 other parties who claim to be equitable stockholders of Colonial Corporation, who assert that the action is instituted as a derivative suit for the benefit of and in the right of said corporation. Besides naming the corporation a defendant, certain officers and directors, the two allegedly controlling stockholders and others who are purported to have committed the wrongs and who are claimed to have derived considerable benefits therefrom, are named defendants. In substance, plaintiffs allege:

(a) That the questions involved are of common and general interest to many persons similarly situated to named plaintiffs, and that such persons are scattered throughout several states, and that this suit is brought for the benefit of all.

(b) That two of plaintiffs are stockholders of record, owning the stock specifically described, while the balance of the named plaintiffs are stockholders who are not presently of record because they have been deprived of their stock certificates of the amounts and kinds specified, by the fraudulent acts of said corporate officers and their associates in control of said corporation, and that such defend-

ants wrongfully assert that such plaintiffs are not stockholders and threaten to cancel such certificates as having been fully retired.

(c) That Colonial Corporation is in form and name a Delaware corporation with its principal place of business at Salt Lake City, and that its property holdings and assets have always been and now are chiefly in Utah; and that said corporation has been operated as a Delaware corporation for the purpose of evading the laws of Utah and its public policy as far as possible.

(d) That there are 16,979 shares of preferred stock of the par value of $100 per share outstanding, which stock is entitled to 7% cumulative dividends which have not been paid for ten years. That about 180,000 shares of common stock of the par value of $10 per share are outstanding; but that such common stock is not entitled to participate in the assets or earnings until the cumulative dividends shall have been paid on the preferred stock. That in 1932 said preferred stock had an actual value, based on assets, of about $60 per share, and that except for the wrongful acts of the managers of said corporation who dominated the affairs and activities of said corporation, said stock would have a much greater value.

(e) That about in 1932 said individual defendants, under the direction and control of defendants Dyes, entered into a conspiracy to defraud plaintiffs and many other persons similarly situated, of their stock and the greater part of the value thereof. That pursuant to said conspiracy said defendants caused to be published and called to the attention of stockholders, assertions and claims that said corporation was insolvent and would likely be thrown into receivership, and that the stock had little, if any, value. That said defendants created a fictitious and sham market and manipulated said market in Salt Lake City and depressed the market value of said stock by said conduct and by said representations and by concealing from plaintiffs and others the true condition of said corporation in order

to acquire for an inadequate and unconscionably low consideration said stock of plaintiffs and others. That to further the execution of such scheme said defendants furnished to agents lists of stockholders including named plaintiffs to induce plaintiffs and others to turn over their stock certificates, to the end that Colonial Corporation might assume to purchase said stock without paying the owners more than slight consideration therefor. That in the accomplishment of such scheme said defendants wrongfully diverted large sums of money from the treasury of said corporation for expenses and commissions to said agents and individual defendants; and that in consequence of said false representations plaintiffs and others similarly situated were induced to believe that said stock had no substantial value and caused them to be endorsed and to be surrendered to said defendants.

(f) That defendant corporation is now insolvent and has been paying dividends out of capital to certain stockholders and not out of profits, and that such practices will continue unless restrained by the court. That during the past several years said corporation has wrongfully paid for and retired a number of shares of its common stock with funds applicable to its preferred stock. That said individual defendants have caused said corporation to pay to themselves large and grossly excessive salaries and excessive expenses, considerably greater in amount than any reasonable sum earned by recipients, all in furtherance of said conspiracy. That the assets of said corporation have been impaired to the extent of $600,000.

(g) That plaintiffs did not discover the existence of any of said frauds until within the past 2½ years.

Plaintiffs pray for a determination of the rights and status of plaintiffs in relation to said corporation; that they be adjudged to be the owners of said stock obtained from them by the defendants; that defendants be enjoined from retiring said stock; that defendants individually be required to render an accounting; that a receiver be ap-

pointed to take charge of and to conserve the assets of defendant corporation, and that there be a liquidation of the corporation and a distribution of its assets to those properly entitled thereto.

On motion of defendants, all allegations referring to "all others similarly situated" were stricken, which ruling is assigned as error. The court also sustained the demurrer of the defendants on the following grounds, which plaintiffs assign as error: (1) Failure of the complaint to state a cause of action in favor of any person other than those specifically named as plaintiffs. (2) Misjoinder of parties plaintiff by reason of lack of joint interest or common right "with respect to the several causes of action pleaded." (3) Misjoinder of parties defendant because of failure to allege facts showing a joint liability of defendants "with respect to the several causes of action pleaded." (4) Improper joinder of several causes of action in which there is no liability common to all defendants: (a) Causes of action for an accounting; (b) causes of action for determination of ownership of stock; (c) causes of action as to persons similarly situated; (d) causes of action for appointment of a receiver and for distribution of the assets of the corporation. (5) Uncertainty for various assigned reasons.

At the outset, plaintiffs assert that this is a derivative suit filed for and on behalf of the corporation whose assets have been diverted by fraudulent acts of officers and controlling stockholders. If there are sufficient averments to amount to a derivative cause of action, then the ground of demurrer that the complaint fails to state a cause of action in favor of any person other than the named plaintiffs, sustained by the lower court, is without merit.

In a derivative suit it is proper for the plaintiffs to state that the action is brought for the benefit of and in the right of the corporation, setting forth facts which indicate why the corporation itself is prevented from initiating or maintaining the action. In such a suit the stockholders sue primarily for the benefit of the corporation, and only indirectly for themselves.

Defendants do not seriously contend that the two plaintiffs who are stockholders of record might not institute such a suit in a proper case, but they argue that the action is not in form or substance a derivative suit. Defendants take the position that this case is simply an action whereby a number of plaintiffs seek to have redressed in one suit, their alleged individual wrongs. As proof that the suit is designed for the benefits of the plaintiffs, defendants point out that plaintiffs do not seek to preserve the corporation nor to save it from dissolution at the hands of improvident managers, but that plaintiffs seek a distribution of all corporate assets and individual relief for plaintiffs "according to such rights as each might individually establish." As we shall point out later, the latter portion of the complaint may be ignored and should be stricken.

Notwithstanding the fact that the allegations of the complaint might be amended to considerable advantage, for reasons hereinafter more fully set forth, we hold that the complaint alleges sufficient facts to show that the suit is a derivative one for the Colonial Corporation by reason of the purported dissipation of corporate assets through the scheme alleged.

We therefore concern ourselves now solely with the derivative cause of action. As to the contention that there is a misjoinder of parties plaintiff, it may well be conceded that those plaintiffs who are no longer stockholders of record who assert that they were wrongfully deprived of their preferred stock through fraudulent acts of individual defendants in the consummation of the purported conspiracy, are not necessary parties. It is true that the two plaintiffs who are stockholders of record might well maintain such action without joinder of those plaintiffs who aver that they were defrauded of their stock.

In order to determine whether there is a misjoinder, we do not inquire whether the other plaintiffs joined are

necessary parties, but whether they are proper parties. In *Price* v. *Union Land Company,* 8 Cir., 187 F. 886, 110 C. C. A. 20, and in *Gallup* v. *Caldwell,* 2 Cir., 120 F. 2d 90, 94, it was held that persons who were formerly stockholders and were induced to part with their stock by the fraudulent acts of individual defendants, may join with stockholders of record in a derivative suit brought on behalf of the corporation for recovery of misappropriated corporate assets, and in such suit the former stockholders so defrauded of their stock may be restored to their status as stockholders as incidental to the relief granted to the corporation. In the case of *Nunnelly et al.* v. *Ogden First Federal Savings & Loan Association et al.,* 107 Utah 347, 154 P. 2d 620, while distinguishable in some aspects hereinafter mentioned, we point out that on the question of misjoinder of parties, equity will consider those persons to be certificate holders who would in fact have been such had it not been for the fraud of the defendants against whom recovery is sought. In connection with the Price case, see also *Greer Investment Co.* v. *Booth,* 10 Cir., 62 F. 2d 321; *Backus* v. *Finkelstein,* D. C., 23 F. 2d 531; *Goldboss* v. *Reimann,* D. C., 44 F. Supp. 756; *Arn* v. *Operators Royalty, etc., Co.,* D. C., 13 F. Supp. 769; and *Willcox* v. *Harriman Securities Corp.,* D. C., 10 F. Supp. 532. The latter cases all hold that persons who in equity should be considered as stockholders, are proper parties to join with stockholders of record in maintaining a derivative suit for the purpose of prosecuting a cause of action for the benefit of the corporation. And we so hold.

Having so decided, we next consider whether the complaint is multifarious as far as the derivative suit is concerned. As specified in grounds 4(a) and 4(d) of the hereinabove summary of their demurrer, defendants contend that the demand for an accounting is a separate and distinct cause of action from the claim for determination of the rights of the plaintiffs with respect to the corporation, and a separate cause from a proceeding for the appointment of a receiver. Defendants confuse the

nature of a cause of action with the remedies applicable for the redress of stated wrongs. It is true that the plaintiffs request several distinct types of judicial relief, but it is equally true that several of them relate to the restitution to the corporation of its property theretofore allegedly wrongfully diverted and dissipated. They are all parts of a procedure for obtaining proper redress. A proper accounting, for instance, might be fruitless if a receiver were not also appointed; and it is possible that complete restitution of corporate property could not be made effective under the very management which brought about the dissipation of assets. As far as the derivative cause is concerned, the complaint is not multifarious.

There are some allegations which are not essential to the statement of the derivative cause of action. The next question then to determine is: Does the complaint set up in addition to the derivative cause, separate causes of action for direct individual relief on behalf of the several plaintiffs? If plaintiffs do state distinct causes of action for individual relief, are they properly joined in the derivative suit?

Since both sides rely on the Price case, supra, and the case has been cited as authority in recent years, we desire to call attention to the proposition for which that case stands. As previously mentioned, there was a joinder with stockholders of record, plaintiffs who at one time had been stockholders of record who alleged in their bill that they had parted with their stock by reason of the wrongful acts and misrepresentations of individual defendants. Such plaintiffs sought to be restored to their former status as stockholders in the derivative suit by rescission of the fraudulent transactions. It was held that mere restitution to their status as shareholders appeared to be incidental to the main relief sought—that of recovering for and on behalf of the corporation the assets which had been wrongfully diverted; and that such incidental relief might be accomplished in the same suit. The theory warranting such incidental relief stated in that case and in other cases above

cited may be summarized as follows: If it were necessary to adjudicate their status as stockholders by a final judgment in a separate action before they could qualify to institute or maintain a derivative suit, the assets of the corporation in the interim might be frittered away by those persons who obtained them from the corporation.

The cases hold that the relief to individuals is allowed if incidental and as reasonably necessary to enable the corporation to have its properties restored to it. For example, in *Greer Investment Co.* v. *Booth,* 10 Cir., 62 F. 2d 321, 324, pertaining to those who had transferred their certificates by reason of a fraudulent scheme, the court said:

> "It was essential to their right to maintain the suit in behalf of the Trust that the shareholders who had transferred their preferred shares should be restored to their former status as shareholders in the Trust, and such relief was incidental to the main relief sought. The seeking of such incidental relief in a suit which had a common point of litigation, the decision of which would affect the whole subject-matter and settle the rights of all the parties thereto, would not render the bill multifarious."

Insofar then as direct relief to individual plaintiffs sought by them in a derivative suit is merely incidental to the restitution of property to the corporation, such individual relief may be granted in the same proceeding. In this case we must ascertain to what extent the individual relief sought by each plaintiff named is incidental to restitution to the corporation of assets wrongfully dissipated. On the basis of the decisions above cited to the extent that the relief sought relates solely to restoration of the named plaintiffs to their former status as shareholders, to qualify them to institute or to maintain the derivative suit, the relief is incidental; but such relief would not be incidental as to unnamed parties. Insofar as plaintiffs seek recovery *from* the corporation sums of money as cumulative dividends, damages or otherwise, or a distribution of the corporate

assets to shareholders, such relief is neither incidental nor essential. Furthermore, the latter relief sought is adverse to the interest of the corporation as an entity for whose benefit the derivative suit is ostensibly prosecuted, since the corporation would necessarily be an adverse party in the adjudication of such other matters. In a derivative suit, those who champion the cause of action owned by the corporation cannot be permitted to assert in such suit, claims hostile to the corporation and which are for their own exclusive benefit. They cannot represent the corporation and its interests and seek relief directly against it in the same action.

Plaintiffs in this case attempt to join seperate causes of action for distinctly personal relief, in the derivative suit, which they are not permitted to do. As pointed out in the Price case, supra, involving a somewhat parallel situation:

"But running through the bill is an attempted assertion of a cause of action against the individual defendants not for the use and benefit of the Fuel Company but exclusively affecting the complainants as individuals. It is for fraud and deceit practiced upon them in the original sale and purchase of the stock which they hold. Clearly such a cause of action has no place in a stockholders' suit brought for the benefit of the corporation." [187 F. 889, 110 C. C. A. 20.]

The ground of demurrer that there is a misjoinder of causes of action was properly sustained for the reason plaintiffs assert rights of action for recovery of cumulative dividends, and for other relief against the corporation, which has no place in a derivative suit, and which cannot be said to be incidental to the relief sought on behalf of the corporation.

What we have said here does not mean that if the plaintiffs have causes of action properly maintainable against the corporation, that they must wait until the final disposition of the derivative suit to commence such separate actions. It might be that in order to avoid a defense of the statute of limitations they would have to in-

stitute suit while the derivative cause is pending. However, if such suits were started, it may be—although we do not now so decide—that they should abate until the completion of the derivative case, so that the corporation would not be placed in the anomolous situation of suing and defending with respect to the same individuals at the same time.

As an additional ground of demurrer for alleged misjoinder of parties defendant, it is contended that the cause or causes of action alleged fail to affect all of the defendants *alike,* and that the same relief is not sought against all of the defendants served with process. Respondents cite Sec. 104-7-3, U. C. A. 1943, which specifies in part:

"But the causes of action so united must all belong to one of these classes, and, * * * must affect all the parties to the action, * * *."

It will be observed that the statute does not require that all defendants shall be affected *alike* nor that the same relief shall be awarded against all defendants, but that the cause or causes of action alleged shall affect "all the parties." In a derivative suit, wherein it is alleged that the corporation is controlled by parties who have defrauded it, it may be necessary to name the corporation a defendant although the relief sought against the other defendant is for the use and benefit of the corporation, and thus the cause or causes of action could not in such a case affect all parties defendant *alike.* Under Sec. 104-3-13, any person may be made a defendant who is a necessary party to a complete determination or settlement of the question involved. In Sec. 104-3-16, it is provided that if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor to be stated in the complaint. Sec. 104-7-3 provides that the cause or causes of action "united" must "affect all the parties to the action." To give the quoted phrase the construction re-

quested by respondents, so that the action would have to *affect all defendants alike,* would operate to prevent most derivative suits since the corporation which is looted is generally under the dominance of the wrongdoers and for that reason the consent of the corporation cannot be obtained for joining it as a party plaintiff; hence it must be named a defendant.

What we have previously said about misjoinder of causes of action disposes of the argument concerning the application of the above cited statutes to the individual claims of the several plaintiffs improperly united with the derivative cause of action.

Some of the other grounds of demurrer are practically identical with those in the Nunnelly case. What we have said in that case as to uncertainty and as to the statute of limitations, need not be repeated here.

Unlike the Nunnelly case, which is a class suit and not a derivative suit, this case states a good derivative cause of action. Plaintiffs in this case claim either that they are stockholders of record or that they were formerly stockholders of record who are entitled in equity to be treated as stockholders, who sue on behalf of the corporation for recovery by the corporation of corporate assets allegedly diverted and dissipated by individual defendants. On the other hand, the plaintiffs in the Nunnelly case never were stockholders and do not profess to sue for the benefit of the corporation in any respect. They assert that they were at one time holders of "investment certificates" which were subject to withdrawal and which the corporation had the duty to pay. In the Nunnelly case the corporation is alleged to be one of the wrongdoers, and relief is properly sought against the corporation which is made the principal defendant, whereas in this case any relief against the corporation would merely be such "incidental" relief as might be essential to qualify some of the named plaintiffs to join in this suit for the use and benefit of the corporation. While in the Nunnelly case the corporation had a duty to pay the plaintiffs the amounts owing

on these certificates, there is no claim in this case that the corporation had any duty whatsoever to retire the preferred stock or that plaintiffs had any right to demand payment of the amounts represented by such preferred stock. Stockholders may not withdraw at pleasure their capital invested in corporate stock, even if the corporation has an option to retire such stock. In order to protect their rights and interests as stockholders, they may sue vicariously for the benefit of the corporation to enable the latter to recover assets which rightfully belong to it. Insofar as the ultimate objective of a derivative suit is to marshal assets and to impound the funds where they rightfully belong— in the corporation—the Nunnelly case is similar to this one up to that point.

What we have said in the Nunnelly case as to the propriety of plaintiffs in that case proceeding with a suit representative in form against the corporation with the ultimate possibility that their individual claims against the corporation may be disposed of in receivership proceedings, has no application in this suit. Here, the plaintiffs acting for the benefit of the corporation may succeed in getting back into the corporation the assets allegedly diverted, but that is as far as they may go, for the reason that the assertion of individual claims against the corporation is inconsistent with the derivative cause. Thus the personal claims adverse to the corporation may be adjudicated in independent actions, but not in the derivative suit. When assets wrongfully diverted have been recovered in a derivative cause, they are back where they should have been at the time the suit was instituted. The fund so established or marshalled is then available for the proper corporate functions, creditors and all other persons having an interest in the corporation as stockholders or otherwise.

The ruling of the lower court granting the motion to strike was erroneous. The ruling on demurrer was correct only in part. In view of what we have said, the lower court should have overruled, in addition to grounds of demurrer

which it did overrule, the following additional grounds: 8, 9, 10, 11, 16, 17, 18, 19, 30 and 31. It is ordered that the judgment of dismissal be vacated and that the cause be remanded to the district court with directions to vacate its order striking certain allegations, and to modify its ruling on demurrer as herein indicated. Plaintiffs shall be allowed to plead over as to the derivative suit, but their individual claims adverse to the corporation as hereinabove mentioned, shall be dismissed without prejudice. Each party shall pay his or its own costs.